UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LISA L. MADISON | * | CIVIL ACTION NO. 17-0293 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| NANCY W. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

### REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

### Background & Procedural History

Lisa Madison protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on August 19, 2014. (Tr. 19, 130-142). She alleged disability as of April 11, 2013,[1] because of bilateral knee pain, diabetes, high blood pressure, and stomach problems. (Tr. 151, 155). The state agency denied the claims at the initial stage of the administrative process. (Tr. 51-79). Thereafter, Madison requested and received an October 1, 2015, hearing before an Administrative Law Judge ("ALJ"). (Tr. 32-50). However, in a December 3, 2015, written decision, the ALJ determined that Madison was not

---

[1] Madison filed prior applications on June 29, 2012, that were denied by an ALJ on April 10, 2013, with review denied by the Appeals Council on July 12, 2014. (Tr. 52).

disabled under the Social Security Act, finding at step five of the sequential evaluation process that she was able to make an adjustment to other work that exists in significant numbers in the national economy. (Tr. 16-28). Madison appealed the adverse decision to the Appeals Council. On December 21, 2016, however, the Appeals Council denied Madison's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On February 20, 2017, Madison sought review before this court. She contends that the ALJ's residual functional capacity assessment is not supported by substantial evidence because the ALJ improperly relied on his own lay assessment of the medical evidence, and because his credibility assessment is not supported by substantial evidence. She further argues that the Appeals Council committed reversible error by failing to remand the matter to the ALJ for consideration of newly submitted evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's

determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### **Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1)   An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)   An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)   An individual whose impairment(s) meets or equals a listed impairment in

>    [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
> (4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## ALJ's Findings

### I. Steps One, Two, and Three

The ALJ determined at step one of the sequential evaluation process that the claimant had not engaged in substantial gainful activity during the relevant period. (Tr. 21). At step two, he found that the claimant suffered severe impairments of osteoarthritis in the knees, obesity, and diabetes. (Tr. 21-22).[2] The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P,

---

[2] He further found that the claimant's medically determinable impairments of hypertension and stomach problems to be non-severe. *Id*.

Regulations No. 4, at step three of the process. (Tr. 22-23).

## II. Residual Functional Capacity

The ALJ next determined that the claimant retained the residual functional capacity ("RFC") to perform the full range of sedentary work.[3] (Tr. 23-27).

## III. Steps Four and Five

The ALJ concluded at step four of the sequential evaluation process that Madison was unable to perform her past relevant work. (Tr. 27). Accordingly, he proceeded to step five. At this step, the ALJ determined that the claimant was a younger individual, with a limited education, and the ability to communicate in English. *Id*. Transferability of skills was not material to the determination of disability. *Id*.

The ALJ then observed that given the claimant's vocational factors, and an RFC for the full range of sedentary work, the Medical-Vocational Guidelines directed a finding of not disabled. 20 C.F.R. § 404.1569; Rules 201.24, Table 1, Appendix 2, Subpart P, Regulations No. 4. (Tr. 27-28).

## Analysis

In his step three determination, the ALJ considered Section 1.02 of the Listing of Impairments, but remarked that "[t]he record did not show that the claimant was unable to ambulate effectively." (Tr. 22-23). Relatedly, in his RFC determination, the ALJ remarked that,

---

[3] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

> [t]he claimant alleged that she always used a walker even in her home, and that it was prescribed to her by her treating physician in 2011; however, there was no indication of this shown in the record. In March 2013, the physical therapist noted the claimant ambulated without an assistive device, but recommended she needed a cane at that time for safe ambulation and for balance. However, the record did not show any recommendation or prescription from a physician for a cane or walker.

(Tr. 26) (citation omitted).

In connection with her request for review to the Appeals Council, plaintiff submitted additional evidence that included a May 10, 2013, prescription for a walker from her treating physician's office (Dr. Spires). (Tr. 270).[4] She also submitted a note dated November 5, 2015, from Dr. Spires, indicating that she "temporarily" was unable to work because of her medical condition. (Tr. 272).[5]

In its decision, the Appeals Council addressed the new evidence via its rote denial: "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2). Plaintiff contends that the Appeals Council erred, and, instead, should have remanded the matter to an ALJ for consideration of the new evidence.

Under the regulations, the Appeals Council is not required to discuss newly submitted evidence or to provide reasons for denying review. *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir.2015) (citations omitted). Citing a Fourth Circuit decision, however, the Fifth Circuit held that when "significant" new evidence, (i.e., when the evidence casts doubt on the soundness of

---

[4] It was signed by a nurse practitioner.

[5] In addition, plaintiff submitted a September 29, 2014, prescription for bilateral knee braces, signed by Dr. Spires' nurse practitioner. (Tr. 271).

the stated rationale for the ALJ's decision) is presented to the Appeals Council, and when no fact finder has made findings regarding the new evidence, then the matter must be reversed and remanded to the Commissioner to consider and weigh the effect of the evidence. *Sun, supra* (citing *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011)).

Here, as in *Sun*, the ALJ found that plaintiff was able to ambulate effectively. In so deciding, the ALJ relied, at least in part, on the absence of any prescription for a walker by her treating physician. That portion of the ALJ's rationale has been undermined by the submission of contrary evidence pertaining to the relevant period at issue. Moreover, the evidence is material to the decision because if plaintiff is unable to ambulate effectively, then she arguably meets or equals Section 1.02 of the Listing of Impairments. Although the Commissioner proffers various rationales to discount the significance of the new evidence,[6] an assessment of the probative value of the competing evidence is a role for the fact finder. *Sun, supra* (citations omitted).[7] Reversal and remand is required. *Id*.[8]

---

[6] For example, the Commissioner notes that the prescription was signed by Dr. Spires' nurse practitioner, rather than by Dr. Spires himself, together with the absence of records to suggest that the nurse practitioner ever treated plaintiff. However, Dr. Spires' treatment notes from the May 2013 time period do not appear in the record. Therefore, plaintiff may have been seen by the nurse practitioner, or Spires may have authorized the issuance of the prescription by the nurse practitioner.

[7] Albeit, in appropriate cases, a reviewing court may discount the significance of new evidence in the first instance. *See Higginbotham v. Barnhart*, 163 Fed. Appx. 279, 2006 WL 166284 (5th Cir. Jan. 10, 2006) (panel discounted new evidence from claimant's treating physician as conclusory and unsupported); *Garth v. Astrue*, 393 F. App'x 196, 199 (5th Cir. Aug. 26, 2010) (Fifth Circuit discounted the significance of new evidence from plaintiff's treating physician because it contradicted his own treatment notes and plaintiff's testimony). Those circumstances are not present here.

[8] Having determined that this matter must be reversed and remanded for consideration of the new evidence, the court need not consider plaintiff's remaining assignments of error. Upon

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of January, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

remand, however, if the matter proceeds beyond step three of the sequential evaluation process, then the parties should endeavor to obtain a medical source statement from a treating or consultative orthopedist.